UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN PACE                                                                               PLAINTIFF

VS.                                              CIVIL ACTION NO.: 3:10cv460-DPJ-FKB

OFFICER CHRISTOPHER W. BUNCH, ET AL.                  DEFENDANTS

ORDER

This civil-rights case is before the Court on the Parties' various motions in limine. Having fully considered the premises, the Court finds as follows.

I.     BACKGROUND

There is no dispute that members of the City of Brandon Police Department arrested Plaintiff John Pace for driving under the influence of alcohol around 3:00 a.m. on March 6, 2010. By all accounts, Pace was intoxicated and uncooperative after the arrest. The officers placed Pace in a holding room where an altercation occurred between Pace and Defendant Christopher W. Bunch. The matter is set for trial on Pace's excessive-force claim against Bunch pursuant to 42 U.S.C. § 1983.

II.     STANDARD

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation marks omitted).

III.   ANALYSIS

    A.   Motion in Limine to Exclude Evidence Regarding Internal Police Department Policies and Procedures [82]

Defendant's Motion is conceded, and therefore granted, except to the extent it seeks exclusion of internal policies and procedures related to reporting the use of force. According to Plaintiff, the failure to properly report the incident speaks to the veracity of Defendant's version of the events. The Court agrees. Failing to properly report, if true, would reflect on the officer's state of mind regarding the propriety of his actions. Bunch has not directly contested this point in his Reply [87]. He argues instead that failure to follow policy is irrelevant because he was unaware of the procedures when the incident occurred. But this argument rests upon adoption of Bunch's testimony in a case where his veracity is directly disputed. The evidence is therefore probative.

That said, Bunch correctly notes that a failure to comply with internal procedures is not evidence of a constitutional violation—Pace has not suggested otherwise. Thus, the Court will provide a limiting instruction on this point if requested. With that instruction, the probative value of the evidence will not be substantially outweighed by the risk of unfair prejudice or confusion under Federal Rule of Evidence 403.

    B.   Motion in Limine to Exclude Personnel Files of Prior Employment and the Unrelated Incidents Recorded [83]

Defendant's Motion is conceded, and therefore granted, as to information regarding Josh Arnold. Dispute remains, however, whether the jury should see "the personnel file of Officer Bunch from his previous employment with the Vicksburg Police Department and the unrelated incidents memorialized therein." Def.'s Mot. [83] at 1.

Based on the motion, it appears that Bunch is concerned about a single incident that occurred while he was employed at another department. Bunch describes the disputed exhibits as detailing

> an incident unrelated to the instant case, in which he ran into the rear of another patrol vehicle while employed by the Vicksburg Police Department, was subjected to discipline and subsequently resigned before action could be taken to terminate his employment. This occurred prior to his employment with the Brandon Police Department and more than seventeen months prior to the March 7, 2010 incident on which Plaintiff bases his lawsuit.

Def.'s Mot. [83] at 1–2. He seeks exclusion under Rules 401, 402, 403, 404(b), and 608(b). Pace acknowledges in response that the circumstances of Bunch's departure from the Vicksburg Police Department (VPD) are not relevant, but argues that Bunch lied about them during his deposition. As such, Pace would offer the challenged information for the sole purpose of attacking Bunch's veracity.

As Bunch noted, under Rule 608(b), "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." Def.'s Mem. [83] at 5. That rule would exclude extrinsic evidence, but Bunch failed to quote the portion of the rule allowing cross examination on specific instances. Rule 608(b), as amended, states in relevant part as follows:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being cross-examined has testified about.

3

Fed. R. Evid. 608(b). Because Bunch's departure from the VPD is not by itself relevant, Rule 608(b) precludes the use of extrinsic evidence to prove Bunch falsely testified. But the rule allows inquiry on cross examination. *See United States v. Cole*, 617 F.2d 151, 154 n.3 (5th Cir. 1980).

The admissibility of such questions under Rule 608(b) is not trumped in this instance by Rules 401, 402, 403 or 404(b). Because the jury must decide whether to believe Bunch's account of the altercation, his testimony is crucial—as is his credibility. Evidence showing a lack of truthfulness is therefore highly probative and not substantially outweighed by the risk of unfair prejudice, confusion, or delay under Rule 403. Rule 404(b) would not apply because Rule 608(b) expressly allows cross-examination regarding specific acts that speak to a witness's character for truthfulness.

Accordingly, the Motion is granted to the extent it seeks to exclude evidence regarding Josh Arnold, and to the extent it seeks to exclude the use of extrinsic evidence to prove Bunch gave a prior false statement. But Pace may cross-examine Bunch on his allegedly false statement.

    C.    Plaintiff's Motion in Limine [84]

Relying primarily on Rule 403, Pace seeks to exclude evidence related to: (1) his criminal history; (2) drug paraphernalia found in his car at the time of his arrest; (3) the criminal charges filed against him related to the night in question.

There appears to be no dispute that Pace was intoxicated when stopped. Based on Bunch's record evidence, Pace had been drinking heavily and when stopped had more alcohol and crack-related drug paraphernalia in his car. This was not Pace's first DUI.

Starting with Pace's prior DUI conviction, Pace testified during his deposition that he became "aggravated" or "upset" on the night in question because he had "been through this before." Pace Dep. at 39. The jury will decide whether the force used on Pace was reasonable, and evidence establishing why he was "upset" is certainly probative. That probative value is not substantially outweighed by the risk of unfair prejudice or confusion created by a prior DUI.

The drug paraphernalia seems different. According to Pace, the items had never been used. So without more, the items would not show that he was under the influence of drugs. And evidence that Pace possessed paraphernalia used for crack cocaine would be more likely to inflame a jury than would a prior DUI. Thus, based on the current state of the record, the Court finds that what little probative value the drug paraphernalia may have is substantially outweighed by the risk of unfair prejudice.

Finally, the charges filed against Pace—sans the paraphernalia charge—are probative in several ways. As Bunch notes, the charges complete the picture of why Pace was detained in the first place. Moreover, the potential prejudice seems slight because the evidence as it now appears suggests that charges were appropriate. Failing to inform the jury that Pace was actually charged would then leave it to guess whether he was charged. Such speculation could have a significant impact in an excessive-force case. For example, the jury might speculate that the absence of charges given the admitted conduct was somehow due to the circumstances of the altercation. Or a juror might mistakenly concluded that because he was not charged, the force used was necessarily excessive. In sum, excluding the evidence would create a greater risk of confusion and prejudice than admitting it. In any event, the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice or confusion.

Finally, Pace makes passing reference to Rules 608(b) and 609.  Rule 608(b) would not preclude the evidence because it is offered for a purpose other than merely showing Pace's character for truthfulness or untruthfulness.  To the extent Rule 609 applies, it would allow evidence of prior convictions if Pace testifies.   For these reasons, the Motion is granted with respect to the drug paraphernalia but otherwise denied.

> D. Defendants' Motion in Limine to Exclude any Damages Evidence or Testimony from Plaintiff's Witness Martha Collins [93]

In an effort to quash a subpoena for his employment records at Lowe's, Pace noted that he had "not made any claim herein for the loss of his job at Lowe's."  Pl.'s Mot. to Quash [52].  Nevertheless, Pace included his Lowe's manager as a witness in the pretrial order, prompting Bunch's motion *in limine* under Rule 403.  Pace opposed the motion in a one-page response, the substance of which stated as follows:

> Plaintiff is not making a claim for lost wages as a result of this incident. However, the fact that the Plaintiff lost his job at Lowe's as a direct result of the assault by Defendant and the surgery and recovery that followed is relevant to show the jury how this incident affected Plaintiff.

If the incident caused Pace to lose his job, then he could have sought lost wages.  For whatever reason, he did not.  And allowing a witness to testify that the incident caused him to lose his job has little probative value when Pace makes no claim "for the loss of his job."  Any probative value that might exist would be substantially outweighed by the risk of confusion and unfair prejudice under Rule 403, because the jury would not be instructed on the elements of a lost wages claim but might consider lost wages given evidence of lost employment.  Although *in limine* motions are subject to reconsideration at trial, the motion is granted.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2012.

                                          s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE